IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TIA M. GRAY, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:13-cv-223 |
| | § | JURY |
| GRAYSON COUNTY PHYSICIANS | § | |
| PROPERTY, L.L.C. d/b/a HERITAGE | § | |
| PARK SURGICAL HOSPITAL, | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Tia M. Gray, complaining of Defendant, Grayson County Physicians Property, L.L.C. d/b/a Heritage Park Surgical Hospital, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.  Plaintiff, Tia M. Gray, is a citizen of the United States and the State of Texas and resides in Grayson County, Texas.

2.  Defendant, Grayson County Physicians Property, L.L.C. d/b/a Heritage Park Surgical Hospital is a Texas Limited Liability Company doing business in Grayson County, Texas and may be served with process by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E 7th St., Suite 620 Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(4) because the action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-5 (as amended). This court has supplemental jurisdiction over Plaintiff's Tex. Lab. Code § 451.001 claim under 28 U.S.C. § 1367(a) because it arises out of the same controversy as Plaintiff's claims under Title VII.

4. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF ACTION

5. This action is brought under 42 U.S.C. §§ 2000e-2000e-5 to secure protection of and redress deprivation of rights secured by federal law which provide for relief against sex discrimination and retaliation in employment practices.

6. This action is also brought under Texas Labor Code § 451.001 to secure protection of and redress deprivation of rights secured by Texas state law which prohibits discharge or any other manner of discrimination against an employee for having in good faith filed, instituted or caused to be instituted a workers' compensation proceeding.

## CONDITIONS PRECEDENT

7. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), was filed with the Equal Employment Opportunity Commission within 300 days of the acts complained of herein. Plaintiff's Complaint is filed within 90 days of Plaintiff's receipt of the Equal Employment Opportunity Commission's January 17, 2013

dismissal and notice of right to sue letter.

## FACTS

8. Plaintiff, Tia Gray ("Plaintiff" or "Gray"), was employed by Defendant, Grayson County Physicians Property, L.L.C. d/b/a Heritage Park Surgical Hospital ("Defendant" or "Heritage Park").

9. At all relevant times, Heritage Park has been an employer as defined by Title VII.

10. At all relevant times, Heritage Park was a Subscriber under the Texas Worker's Compensation Act.

11. Gray was employed by Heritage Park as a Surgical Technologist from approximately November 1, 2010 through the date of her termination on February 21, 2012.

12. During Gray's employment with Heritage Park, she was subjected to a sexually hostile work environment. Specifically, and without limitation, members of management, doctors and other employees of Heritage Park participated in: making sexually explicit innuendos; distribution of sexual pictures; making sexual remarks and gestures; discussing pornography; discussing sex, and preferences on sexual positions and body parts; daily use of offensive sexually derogatory language and frequent vulgar discussions about sexual acts, including oral sex.

13. The sexually hostile conduct was severe and pervasive in the workplace. This conduct created a hostile working environment that negatively interfered with Gray's performance of her job duties.

14. On or about January 3, 2012, Gray reported to Ray Ford, the CEO, that she was highly offended by the sexually hostile work environment at Heritage Park.

15. Despite Gray's report, the sexually offensive conduct continued.

16. Gray was also retaliated against for having made the report of discrimination. For example, and without limitation, she continued to be subjected to sexually offensive comments, she was shunned by other employees and doctors, left to work without assistance and her performance was overly scrutinized and criticized. She was reprimanded on February 9, 2012 for pretextual reasons and was treated more harshly than other employees who had not reported the sexually hostile work environment. She was ultimately issued a final write up and terminated on February 21, 2012.

17. Prior to her termination on February 21, 2012, but on the same day, Gray injured her back during the course and scope of her employment while pushing a 600+ pound microscope. Gray reported the injury to her manager and sought medical treatment. She later filed a workers' compensation claim and received benefits.

18. On February 21, 2012, Heritage Park presented Gray with two written warnings to sign (one was from the February 9, 2012 reprimand two weeks earlier) and then terminated her employment. The termination was less than two months after Gray reported the sexually hostile working environment to Ford and was the same day that she was injured and reported her on the job injury.

19. After her termination, Heritage Park continued the retaliation by interfering with Gray's medical treatment and related billing for an MRI.

20. Gray would show that she was terminated and retaliated against by Heritage Park because of her complaints of sex discrimination (sexually hostile work environment) and because she, in good faith, instituted or caused to be instituted a workers' compensation proceeding.

21. Gray has suffered actual damages, economic damages and compensatory damages as a result of Defendant's unlawful conduct, including mental anguish damages.

22. Based on information and belief, Defendant's conduct described above was done with actual malice and/or a reckless disregard for Gray's protected rights under state and federal law.

### DISCRIMINATION AND RETALIATION UNDER TITLE VII

23. Plaintiff incorporates the above facts as set forth in paragraphs 7-22.

24. Defendant subjected Plaintiff to discrimination based on sex (sexually hostile work environment) and retaliation for filing a complaint of sex discrimination and opposing the Defendant's sexually hostile discriminatory actions in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a). Plaintiff has suffered economic and compensatory damages as a result of Defendant's unlawful conduct.

25. Defendant engaged in discriminatory and retaliatory practices with malice or with reckless indifference to the federally protected rights of the Plaintiff, within the meaning of Section 1981a(b)(1) of Title 42 of the United States Code. Plaintiff is, therefore, seeks exemplary damages.

### DISCRIMINATION UNDER TEXAS LABOR CODE § 451.001

26. Plaintiff incorporates the above facts as set forth in paragraphs 7-22.

27. Defendant also discharged and discriminated against Plaintiff because she, in good faith, instituted or caused to be instituted a proceeding under the Texas Workers' Compensation Act. Plaintiff was injured during the course and scope of her employment, reported the injury to the Defendant, sought medical treatment and was terminated the same day

for pretextual reasons in violation of Texas Labor Code § 451.001 *et seq*. Plaintiff has suffered actual damages as a result of Defendant's unlawful conduct, including mental anguish damages.

28. Defendant engaged in discriminatory and retaliatory practices in violation of Texas Labor Code § 451.001 with actual malice; and therefore, seeks exemplary damages.

## DAMAGES

29. Plaintiff seeks the following damages as a result of the actions and/or omissions of Defendant:

    a.    Back pay from the date of her termination;

    c.    Front pay;

    d.    Lost benefits (past and future);

    e.    Mental anguish damages (past and future) and other compensatory damages as permitted by law;

    f.    Punitive damages as permitted by law;

    g.    Equitable relief as may be appropriate

    h.    Reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff as permitted by law;

    i.    Reasonable and necessary fees and other costs incurred in pursuit of this suit as permitted by law;

    j.    Pre-judgment interest (and post-judgment interest if any) as permitted by law;

    k.    Further relief that this court may deem just, proper and equitable.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Tia Gray, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

## JURY DEMAND

Plaintiff respectfully requests a jury trial.

Respectfully submitted,

/s/ Laura E. Calhoun_____
Laura E. Calhoun
Texas Bar No. 06342400
Law Office of Laura Calhoun, P.C.
5068 W. Plano Pkwy., Suite 300
Plano, Texas 75093
Tel. (972) 447-8301
Fax (972) 447-8302
E-mail:laura@lauracalhounlaw.com
**ATTORNEY FOR PLAINTIFF**